United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50301
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LUIS MARTINEZ-MELCHOR,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CR-298-ALL-SS
---------------------

Before SMITH, GARZA and PRADO, Circuit Judges

PER CURIAM:[*]

Jorge Luis Martinez-Melchor appeals his sentence upon his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).  Martinez contends that the district court's upward departure pursuant to U.S.S.G. § 4A1.3 was erroneous because his prior offenses were all used to determine his Criminal History Category, the risk of recidivism was not unusually high, and the district court failed to explain adequately the reasons for departure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez had an offense level of 13, a criminal history category of VI, and a guideline range of 33 to 41 months. The district court departed upward to an offense level of 17 and imposed a sentence of 63 months. The court explained that it was moving up four levels because of Martinez's long criminal history, because Martinez had been deported on three prior occasions, and because of the likelihood that he would recidivate. Guided by the factors in 18 U.S.C. § 3553(a), we conclude that there is no reversible error and that the district court's sentence was reasonable for the reasons stated by the district court. See United States v. Simkanin, 420 F.3d 397, 414-19 (5th Cir. 2005); United States v. Smith, 417 F.3d 483, 489-93 (5th Cir.), cert. denied, ___ U.S. ___, 2005 WL 3027879 (Nov. 14, 2005) (No. 05-7063).

Martinez also contends that he is entitled to be resentenced because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines, which is prohibited by United States v. Booker, 125 S. Ct. 738 (2005). The parties agree that plain error is the proper standard of review in this case. Martinez does not attempt, however, to make the showing of plain error that is required by our precedent in United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Moreover, this court has rejected his arguments that a Booker error is a structural error and that such errors are presumed to be prejudicial. See Mares, 402 F.3d

at 520-22; <u>see also</u> <u>United States v. Malveaux</u>, 411 F.3d 558, 560 n.9 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 194 (2005).

Martinez also asserts that the felony and aggravated-felony provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Martinez's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). Although he contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Martinez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, the judgment of the district court is AFFIRMED.